United States District Court
District of Massachusetts

|  |  |
|---|---|
| Erica Stephanie dos Santos Rocha, et al., <br><br> Petitioners, <br><br> v. <br><br> David Wesling, et al., <br><br> Respondents. | Civil Action No. 26-10872-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

This case arises from the amended petition for writ of habeas corpus (Docket No. 7) of petitioner Erica Stephanie dos Santos Rocha ("petitioner" or "dos Santos Rocha").[1] She contends that she is being unlawfully detained by David Wesling and other named respondents (collectively, "respondents"). Because petitioner's detention is lawful pursuant to her final removal order, and because this Court is without jurisdiction to review or stay that order, her petition will be denied.

I. <u>Background</u>

Petitioner is a Brazilian citizen who entered the United States without inspection in October, 2021, in Arizona. In October, 2022, petitioner filed I-589 Applications for Asylum

---

[1] Despite the petition being filed on behalf of her entire family, dos Santos Rocha is the only person in custody.

and Withholding of Removal before the Immigration Court. A hearing on those applications was conducted in June, 2025, at which the Immigration Judge denied petitioner's request for asylum and ordered her removed to Brazil.

Petitioner timely appealed that decision to the Board of Immigration Appeals ("BIA"). That appeal was denied on January, 26, 2026. Soon thereafter, Immigration and Customs Enforcement ("ICE") directed petitioner to depart from the United States by February 15, 2026, pursuant to her removal order. On February 12, 2026, petitioner filed emergency motions to reopen and stay removal. The BIA denied the emergency motion to stay removal but has yet to adjudicate the emergency motion to reopen.

Petitioner filed the present petition on February 14, 2026, before she was detained by immigration authorities. She updated her petition on February 19, 2026, after being arrested at an ICE facility. Petitioner's husband has filed a related habeas petition although he has not yet been detained.

## II. Petition for Writ of Habeas Corpus

### A. Legal Standard

A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 permits a prisoner to challenge the administration of her detention rather than its validity. Dinkins v. Boncher, No. 21-CV-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). The burden is on petitioner to show that her custody violates

the Constitution or laws of the United States. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

Under 8 U.S.C. §1231(a), an alien with a final removal order must be detained for a 90-day removal period while the government makes arrangements for the removal. Such detention is constitutionally permissible for up to six months. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Federal law divests district courts of jurisdiction to stay removal orders and requires that such requests be pursued administratively and appealed to the appropriate circuit court of appeals. 8 U.S.C. §1252; Compere v. Riordan, 368 F. Supp. 3d 164, 170 (D. Mass. 2019).

**B. Application**

Petitioner claims that her current detention is unlawful because her removal is not imminent. Whether or not her removal is imminent is, however, immaterial. Section §1231 requires that, during the removal period, the government "shall detain the alien." 8 U.S.C. §1231(a)(2)(A). Because petitioner's appeal to the BIA was denied on January 26, 2026, her removal period began on that day and the government is mandated by statute to detain her until at least April 26, 2026, to effectuate her removal.

Petitioner also requests that the Court stay the order of removal until her emergency motion to reopen is adjudicated.

She claims that removal before that time would violate her due process rights to have her motion heard. The Court is, nevertheless, without jurisdiction to review the execution of a removal order. §1252(g). Courts in this district have found that such a prohibition bars the issuance of a stay as well. See Compere, 368 F. Supp. at 170; Doe v. Smith, No. CV 18-11363-FDS, 2018 WL 4696748, at *11 (D. Mass. Oct. 1, 2018).

To the extent that petitioner asserts she has been deprived of due process, the Court notes that she has received process in the form of a hearing on her asylum petition, full removal proceedings, an appeal to the BIA on the rulings and a motion to stay removal. She also retains the right to appeal her removal decision to the appropriate court of appeals. §1252(a)(5). Such considerable process satisfies her constitutional rights.

### ORDER

For the forgoing reasons, the amended Petition for Writ of Habeas Corpus (Docket No. 7) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: March 11, 2026